UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

In re:                                                    Case No. 6:15-bk-00525-CCJ
                                                          Chapter 7
TWEOPLE, INC.

        Debtor.
_____/

## OMNIBUS NOTICE OF INTENT TO SERVE SUBPOENAS DUCES TECUM

LIVE FACE ON THE WEB, LLC, through counsel, pursuant to Fed. R. Bankr. P. 9016, hereby provides notice of its intent to serve the attached Subpoenas Duces Tecum, respectively, on March 27, 2015, or thereafter, upon the following financial institutions:

    Wells Fargo Bank, N.A.,
    Attn: Records Custodian
    Registered Agent:  Corporation Service Company
    1201 Hays Street
    Tallahassee, FL  32301-2525

    PayPal, Inc.
    Attn:  Records Custodian
    Registered Agent:  NRAI Services, Inc.
    1200 South Pine Island Road
    Plantation, FL  33324

    Authorize.net, LLC
    c/o Registered Agent, Corporation Service Company
    10 E. South Temple, Suite 850, Salt Lake City, UT 84133

Dated March 20, 2015.

                                        */s/ Ryan E. Davis*
                                        RYAN E. DAVIS, Esquire
                                        Florida Bar No. 0179851
                                        rdavis@whww.com
                                        **WINDERWEEDLE, HAINES, WARD**
                                           **& WOODMAN, P.A.**
                                          Post Office Box 1391

Orlando, FL 32802-1391<br>
Telephone: (407) 423-4246<br>
Facsimile: (407) 423-7014<br>
Attorneys for Live Face on Web, LLC

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 20, 2015, a true and correct copy of the foregoing has been furnished via:

***CM/ECF* to:**

United States Trustee, George C. Young Federal Bldg., 400 W. Washington Street, Suite 1100, Orlando, FL, 32801
James H. Monroe, Esquire, James H. Monroe, P.A., Post Office Box 540163, Orlando, FL 32854
Emerson C. Noble, Trustee, Post Office Box 622798, Oviedo, FL 32762-2798

***United States Mail to:***

Tweople, Inc., 2471 N. John Young Pkwy., Orlando, FL 32804

<i>/s/ Ryan E. Davis</i><br>
RYAN E. DAVIS, Esquire

Case 6:15-bk-00525-CCJ    Doc 14    Filed 03/20/15    Page 3 of 20

B257 (Form 257 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/13)

# UNITED STATES BANKRUPTCY COURT

_____ MIDDLE _____ District of __ FLORIDA _____

In re __TWEOPLE, INC._____
   Debtor

*(Complete if issued in an adversary proceeding)*

Case No. __6:15-bk-00525-CCJ__

Chapter __7__

_____
   Plaintiff
      v.

Adv. Proc. No. _____

_____
   Defendant

## 2004 SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: **Wells Fargo Bank, N.A., c/o Registered Agent, Corporation Service Company
1201 Hays Street, Tallahassee, FL 32301-2525**

*(Name of person to whom the subpoena is directed)*

[X] *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: **See attached Exhibit A**

| PLACE  **Winderweedle, Haines, Ward & Woodman, P.A.**  **390 N. Orange Avenue, Suite 1500, Orlando, FL 32801** | DATE AND TIME |
|---|---|

[ ] *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|

   The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

         CLERK OF COURT

                                    OR

_____   _____
*Signature of Clerk or Deputy Clerk*         *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
**Live Face on the Web, LLC** _____ , who issues or requests this subpoena, are:

**Ryan E. Davis, Esquire, PO Box 1391, Orlando, FL 32802-1391, rdavis@whww.com (407) 246-8685**

             **Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B257 (Form 257 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

      I declare under penalty of perjury that this information is true and correct.

Date: _____

                                                                   *Server's signature*

                                                                *Printed name and title*

                                                                  *Server's address*

Additional information concerning attempted service, etc.:

Case 6:15-bk-00525-CCJ   Doc 14   Filed 03/20/15   Page 5 of 20

B257 (Form 257 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
 (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
 *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
 *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
 *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

...

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# EXHIBIT A

## INSTRUCTIONS AND DEFINITIONS

1.     "Document," "documents" or "thing" means any written or graphic matter or other means of preserving thought or expression. This includes all tangible things from which information can be processed or transcribed, including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copy or otherwise. Documents and things include, but are not limited to, the following: permanent files, manuals, papers, pamphlets, appraisals, correspondence, letters, reports, memoranda, notes, messages (including electronic messages or mail—"e-mail"), periodicals, books, records, contracts, agreements, newspapers, statements, telegrams, interoffice and intraoffice messages, telephone logs, diaries, chronological data, minutes, field reports, computer printouts, prospectuses, financial statements, schedules, affidavits, security agreements, promissory notes, Uniform Commercial Code forms of any type, hypothecation agreements, cancelled checks, bank statements, transcripts, statistics, surveys, calendars, drafts, indices, lists, tables, magazines or newspaper articles, tabulations, graphs, sale orders, confirmations, certificates, accounts, summaries, affidavits, oral records, videotapes, motion pictures, photographs, mechanical or electric recordings or representations of any kind (including without limitation, tapes, cassettes, disks, and recordings), statistical data, ledger book entries, ledgers, books of account, tax returns, tax forms, tax records, tax schedules, transcripts, court papers and sworn statements, and all drafts, alterations and modifications, changes and amendments of any of the foregoing, regardless of whether originals, copies, drafts, or typings or reproductions of originals or copies in whatever form, including electronically stored information, and whether directed to or prepared, written, or produced by, for, or on your behalf, or any agency, department, agent, employee, consultant, or other representative of you, or any third person, firm, or corporation.

2. "All documents" means every document or group of documents for communication as above defined known to you and every such document or communication, which can be located or discovered by reasonably diligent efforts.

3. If any Document was, but is no longer, in your possession, or subject to your control, state what disposition was made of the documents and the reason for such disposition, and identify all persons having knowledge of the circumstances under which such documents ceased to exist, all persons who have knowledge or had knowledge of the documents, and the contents thereof.

4. The plural shall include the singular and the singular shall include the plural. Any reference to a male pronoun shall also constitute reference to a female pronoun.

5. The words "and" as well as "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive. The use of the word "including" shall be construed without limitation.

6. "Each" shall be construed to include the word "every" and "every" shall be construed to include the word "each". Similarly, "any" shall be construed to include the word "all", and "all" shall be construed to include the word "any".

7. The present tense shall be construed to include the past tense, and the past tense shall be construed to include the present tense.

8. If you claim any privilege as to any (i) information encompassed by this discovery request or (ii) communication, or portion thereof, encompassed by this discovery request, specify the nature of the privilege claimed, state with specificity the basis for the privilege claimed, identify the information or communication as to which privilege is claimed with sufficient specificity to bring the discovery request and objection before the Judge, describe the subject matter of the privileged matter, identify all parties to or recipients of the privileged matter, and if the privileged

matter is contained or reflected in a document, identify: (1) the date of the document; (2) the type of document; (3) the author; (4) addressee; and (5) all individuals indicated or to whom blind copies are shown.

9.  This request for production is continuing in character and nature, and would require the filing of supplemental responses, pursuant to Rules of Civil Procedure, if and when further or different information is obtained by up to and throughout the trial of this cause.

10. If any of the document requests are ambiguous in any way, please send a letter to the undersigned counsel describing the ambiguity and it will promptly be clarified in a reply letter. If any document request is deemed to be unduly burdensome, please send a letter to the undersigned counsel indicating the reasons why and (generally) an attempt will be made to rephrase the document request in a reply letter to lessen burdens of compliance. Any such reply letter may be treated by the parties to whom it is addressed as a modification of this request for production.

11. The term "Debtor" shall mean **TWEOPLE, INC.**, a Florida corporation. The Debtor's FEIN is **274806638**.

12. In producing documents called for herein, segregate the documents so as to identify the numbered request to which such document responds.

## DOCUMENTS TO BE PRODUCED

A.  Any and all documents, including banking statements, cancelled checks, deposit statements, books or records concerning the Debtor's accounts (whether individually or jointly held), including but not limited to, any checking, merchant, savings, loan, money market accounts or other financial accounts during the period January 21, 2013 through January 21, 2015.

B.  Any and all applications for merchant accounts filed by or on behalf of the Debtor.

B257 (Form 257 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/13)

# UNITED STATES BANKRUPTCY COURT

_____MIDDLE_____ District of __FLORIDA_____

In re __TWEOPLE, INC._____
         Debtor

*(Complete if issued in an adversary proceeding)*

Case No. __6:15-bk-00525-CCJ__

Chapter __7__

_____
         Plaintiff
            v.

Adv. Proc. No. _____

_____
         Defendant

## 2004 SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: **Paypal, Inc., c/o Registered Agent, NRAI Services, Inc.
1200 South Pine Island Road, Plantation, FL 33324**

*(Name of person to whom the subpoena is directed)*

[X] *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: **See attached Exhibit A**

| PLACE **Winderweedle, Haines, Ward & Woodman, P.A.** <br> **390 N. Orange Avenue, Suite 1500, Orlando, FL 32801** | DATE AND TIME |
|---|---|
| | |

[ ] *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

CLERK OF COURT

OR

_____          _____
*Signature of Clerk or Deputy Clerk*           *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
__**Live Face on the Web, LLC**__          , who issues or requests this subpoena, are:
**Ryan E. Davis, Esquire, PO Box 1391, Orlando, FL 32802-1391, rdavis@whww.com (407) 246-8685**

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B257 (Form 257 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____


Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .


I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

Case 6:15-bk-00525-CCJ   Doc 14   Filed 03/20/15   Page 11 of 20

B257 (Form 257 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or
      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

...

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# EXHIBIT A

## INSTRUCTIONS AND DEFINITIONS

1. "Document," "documents" or "thing" means any written or graphic matter or other means of preserving thought or expression. This includes all tangible things from which information can be processed or transcribed, including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copy or otherwise. Documents and things include, but are not limited to, the following: permanent files, manuals, papers, pamphlets, appraisals, correspondence, letters, reports, memoranda, notes, messages (including electronic messages or mail—"e-mail"), periodicals, books, records, contracts, agreements, newspapers, statements, telegrams, interoffice and intraoffice messages, telephone logs, diaries, chronological data, minutes, field reports, computer printouts, prospectuses, financial statements, schedules, affidavits, security agreements, promissory notes, Uniform Commercial Code forms of any type, hypothecation agreements, cancelled checks, bank statements, transcripts, statistics, surveys, calendars, drafts, indices, lists, tables, magazines or newspaper articles, tabulations, graphs, sale orders, confirmations, certificates, accounts, summaries, affidavits, oral records, videotapes, motion pictures, photographs, mechanical or electric recordings or representations of any kind (including without limitation, tapes, cassettes, disks, and recordings), statistical data, ledger book entries, ledgers, books of account, tax returns, tax forms, tax records, tax schedules, transcripts, court papers and sworn statements, and all drafts, alterations and modifications, changes and amendments of any of the foregoing, regardless of whether originals, copies, drafts, or typings or reproductions of originals or copies in whatever form, including electronically stored information, and whether directed to or prepared, written, or produced by, for, or on your behalf, or any agency, department, agent, employee, consultant, or other representative of you, or any third person, firm, or corporation.

2.  "All documents" means every document or group of documents for communication as above defined known to you and every such document or communication, which can be located or discovered by reasonably diligent efforts.

3.  If any Document was, but is no longer, in your possession, or subject to your control, state what disposition was made of the documents and the reason for such disposition, and identify all persons having knowledge of the circumstances under which such documents ceased to exist, all persons who have knowledge or had knowledge of the documents, and the contents thereof.

4.  The plural shall include the singular and the singular shall include the plural. Any reference to a male pronoun shall also constitute reference to a female pronoun.

5.  The words "and" as well as "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive. The use of the word "including" shall be construed without limitation.

6.  "Each" shall be construed to include the word "every" and "every" shall be construed to include the word "each". Similarly, "any" shall be construed to include the word "all", and "all" shall be construed to include the word "any".

7.  The present tense shall be construed to include the past tense, and the past tense shall be construed to include the present tense.

8.  If you claim any privilege as to any (i) information encompassed by this discovery request or (ii) communication, or portion thereof, encompassed by this discovery request, specify the nature of the privilege claimed, state with specificity the basis for the privilege claimed, identify the information or communication as to which privilege is claimed with sufficient specificity to bring the discovery request and objection before the Judge, describe the subject matter of the privileged matter, identify all parties to or recipients of the privileged matter, and if the privileged

matter is contained or reflected in a document, identify: (1) the date of the document; (2) the type of document; (3) the author; (4) addressee; and (5) all individuals indicated or to whom blind copies are shown.

9. This request for production is continuing in character and nature, and would require the filing of supplemental responses, pursuant to Rules of Civil Procedure, if and when further or different information is obtained by up to and throughout the trial of this cause.

10. If any of the document requests are ambiguous in any way, please send a letter to the undersigned counsel describing the ambiguity and it will promptly be clarified in a reply letter. If any document request is deemed to be unduly burdensome, please send a letter to the undersigned counsel indicating the reasons why and (generally) an attempt will be made to rephrase the document request in a reply letter to lessen burdens of compliance. Any such reply letter may be treated by the parties to whom it is addressed as a modification of this request for production.

11. The term "Debtor" shall mean **TWEOPLE, INC.**, a Florida corporation. The Debtor's FEIN is **274806638**.

12. In producing documents called for herein, segregate the documents so as to identify the numbered request to which such document responds.

## DOCUMENTS TO BE PRODUCED

A. Any and all documents, including statements, books or records, concerning any accounts held by the Debtor (whether individually or jointly held) during the period January 21, 2013 through January 21, 2015.

B. Any and all applications for merchant accounts filed by or on behalf of the Debtor.

B257 (Form 257 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/13)

# UNITED STATES BANKRUPTCY COURT

_____MIDDLE_____ District of __FLORIDA_____

In re __TWEOPLE, INC._____
                Debtor

*(Complete if issued in an adversary proceeding)*

Case No. __6:15-bk-00525-CCJ__

Chapter __7__

_____
                Plaintiff
                v.

Adv. Proc. No. _____

_____
                Defendant

**2004 SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)**

To: **Authorize.Net, LLC, c/o Registered Agent, Corporation Service Company, 10 E. South Temple, Suite 850, Salt Lake City, UT 84133**

*(Name of person to whom the subpoena is directed)*

[X] *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: **See attached Exhibit A**

| PLACE   Winderweedle, Haines, Ward & Woodman, P.A. 390 N. Orange Avenue, Suite 1500, Orlando, FL 32801 | DATE AND TIME |
|---|---|

[ ] *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

CLERK OF COURT

OR

_____                    _____
*Signature of Clerk or Deputy Clerk*                *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* **Live Face on the Web, LLC**_____ , who issues or requests this subpoena, are:
**Ryan E. Davis, Esquire, PO Box 1391, Orlando, FL  32802-1391, rdavis@whww.com (407) 246-8685**

Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B257 (Form 257 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

# PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

Case 6:15-bk-00525-CCJ   Doc 14   Filed 03/20/15   Page 17 of 20

B257 (Form 257 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

...

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# EXHIBIT A

### INSTRUCTIONS AND DEFINITIONS

1. "Document," "documents" or "thing" means any written or graphic matter or other means of preserving thought or expression. This includes all tangible things from which information can be processed or transcribed, including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copy or otherwise. Documents and things include, but are not limited to, the following: permanent files, manuals, papers, pamphlets, appraisals, correspondence, letters, reports, memoranda, notes, messages (including electronic messages or mail—"e-mail"), periodicals, books, records, contracts, agreements, newspapers, statements, telegrams, interoffice and intraoffice messages, telephone logs, diaries, chronological data, minutes, field reports, computer printouts, prospectuses, financial statements, schedules, affidavits, security agreements, promissory notes, Uniform Commercial Code forms of any type, hypothecation agreements, cancelled checks, bank statements, transcripts, statistics, surveys, calendars, drafts, indices, lists, tables, magazines or newspaper articles, tabulations, graphs, sale orders, confirmations, certificates, accounts, summaries, affidavits, oral records, videotapes, motion pictures, photographs, mechanical or electric recordings or representations of any kind (including without limitation, tapes, cassettes, disks, and recordings), statistical data, ledger book entries, ledgers, books of account, tax returns, tax forms, tax records, tax schedules, transcripts, court papers and sworn statements, and all drafts, alterations and modifications, changes and amendments of any of the foregoing, regardless of whether originals, copies, drafts, or typings or reproductions of originals or copies in whatever form, including electronically stored information, and whether directed to or prepared, written, or produced by, for, or on your behalf, or any agency, department, agent, employee, consultant, or other representative of you, or any third person, firm, or corporation.

2.   "All documents" means every document or group of documents for communication as above defined known to you and every such document or communication, which can be located or discovered by reasonably diligent efforts.

3.   If any Document was, but is no longer, in your possession, or subject to your control, state what disposition was made of the documents and the reason for such disposition, and identify all persons having knowledge of the circumstances under which such documents ceased to exist, all persons who have knowledge or had knowledge of the documents, and the contents thereof.

4.   The plural shall include the singular and the singular shall include the plural. Any reference to a male pronoun shall also constitute reference to a female pronoun.

5.   The words "and" as well as "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive. The use of the word "including" shall be construed without limitation.

6.   "Each" shall be construed to include the word "every" and "every" shall be construed to include the word "each". Similarly, "any" shall be construed to include the word "all", and "all" shall be construed to include the word "any".

7.   The present tense shall be construed to include the past tense, and the past tense shall be construed to include the present tense.

8.   If you claim any privilege as to any (i) information encompassed by this discovery request or (ii) communication, or portion thereof, encompassed by this discovery request, specify the nature of the privilege claimed, state with specificity the basis for the privilege claimed, identify the information or communication as to which privilege is claimed with sufficient specificity to bring the discovery request and objection before the Judge, describe the subject matter of the privileged matter, identify all parties to or recipients of the privileged matter, and if the privileged

matter is contained or reflected in a document, identify: (1) the date of the document; (2) the type of document; (3) the author; (4) addressee; and (5) all individuals indicated or to whom blind copies are shown.

9. This request for production is continuing in character and nature, and would require the filing of supplemental responses, pursuant to Rules of Civil Procedure, if and when further or different information is obtained by up to and throughout the trial of this cause.

10. If any of the document requests are ambiguous in any way, please send a letter to the undersigned counsel describing the ambiguity and it will promptly be clarified in a reply letter. If any document request is deemed to be unduly burdensome, please send a letter to the undersigned counsel indicating the reasons why and (generally) an attempt will be made to rephrase the document request in a reply letter to lessen burdens of compliance. Any such reply letter may be treated by the parties to whom it is addressed as a modification of this request for production.

11. The term "Debtor" shall mean **TWEOPLE, INC.**, a Florida corporation. The Debtor's FEIN is **274806638**.

12. In producing documents called for herein, segregate the documents so as to identify the numbered request to which such document responds.

## DOCUMENTS TO BE PRODUCED

A. Any and all documents, including statements, books or records, concerning any accounts held by the Debtor (whether individually or jointly held) during the period January 21, 2013 through January 21, 2015.

B. Any and all applications for merchant accounts filed by or on behalf of the Debtor.